UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOAQUIN CARDONA SANDOVAL, ) | CASE NO. 4:06 CV 2986 |
| ) | |
| Plaintiff, ) | JUDGE PETER C. ECONOMUS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| U.S. BUREAU OF PRISONS, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On December 14, 2006, pro se plaintiff Joaquin Cardona Sandoval filed this Bivens[1] action against the United States Bureau of Prisons ("BOP"), BOP Director Harley G. Lappin, Northeast Ohio Correctional Center ("NEOCC")Warden Mr. R. Tappia, NEOCC Captain Pastella, NEOCC "C" Unit Manager Mr. Thomas, NEOCC "B" Unit Counselor Mr. Sauline, NEOCC "C" Unit Case Manager Ms. Delgado, NEOCC "B" Unit Counselor Mr. Bloomquist, and "other unknown individuals." (Compl. at 1.) In the complaint, plaintiff alleges that he was placed in administrative segregation for eight days when he arrived at NEOCC. He asserts he was denied due process and equal protection. He seeks unspecified compensatory and punitive damages.

## Background

Mr. Sandoval states that he arrived at NEOCC from the Oklahoma Detention Center

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is inapplicable, as there is no allegation of action under color of state law.

on December 15, 2005. He indicates that after the initial orientation procedures, he was placed in the administrative segregation unit. He was told that his paperwork had not arrived from Oklahoma and he could not be placed in the general population without it. His paper work was delivered to NEOCC on December 21, 2005. Mr. Sandoval was moved to Unit B on that same day. He states that BOP regulations require all paperwork on transferred inmates to be sent no later than 72 hours (6 days) after the inmate arrives. Mr. Sandoval's paperwork arrived eight days later. He further claims that BOP regulations provide that inmates in segregation are to receive notice of the reasons for placement within 24 hours. He states he received his notice 43 hours after his placement.[2] He asserts he was denied procedural and substantive due process. He also contends that he was denied equal protection of the law.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

---

[2] Mr. Sandoval attaches a carbon copy of the notice to his complaint. The notice states it was delivered to Sandoval on December 14, 2005 at 12:50 p.m. Mr. Sandoval claims he received it on December 15, 2005 at 2:10 p.m.

[3] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

A Fourteenth Amendment due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). This court has repeatedly held that placement in administrative segregation does not constitute an atypical and significant hardship on the inmate. Mackey v. Dyke, 111 F.3d 460, 463 (6th Cir.1997); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995).

Mr. Sandoval's equal protection claim is not well defined. He merely states "[A]liens who are in the Jurisdiction of the United States under any status, even as illegal entrants or under a legal fiction, are entitled to the protections of the Fourteenth Amendment." (Compl. at 23.) In making an equal protection challenge, the plaintiff bears the initial burden of demonstrating that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Clements v. Flashing, 457 U.S. 957, 967 (1982). Mr. Sandoval has not met this burden. He does not dispute that his placement in administrative segregation was due to the delay in the arrival of his paperwork. There is no suggestion in his pleading that he was treated differently than other inmates who arrived at NEOCC without paperwork.

3

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.


Dated: March 8, 2007                              /s/Peter C. Economus
                                            PETER C. ECONOMUS
                                            UNITED STATES DISTRICT JUDGE

---

[4]    28 U.S.C. § 1915(a)(3) provides:

   An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4